ROY NOBLE LEE, Presiding Justice,
for the Court:
This appeal comes from an order of the Circuit Court of Winston County denying workmen’s compensation benefits to Etta Parrott. The administrative law judge awarded compensation and, upon petition for review, the Full Commission reversed the order of the administrative judge and denied the claim.
Appellant, age 66, was a shift leader at Winston County Community Hospital & Nursing Home. On July 24, 1979, she was standing at a mixer table and caught her toe under a cord, causing her to fall on the floor and fracture her right hip. She was twenty percent (20%) temporarily partially disabled and sustained a ten percent (10%) permanent partial impairment to the right lower extremity.
Answering the motion to controvert, Winston County Community Hospital & Nursing Home affirmatively pled that, by virtue of its status as an agency of the State of Mississippi, it was excluded from the statutory requirement that workmen’s compensation coverage be obtained for its employees.
With reference to the affirmative defense, the administrative law judge found the following:
*1160 (a) That directly across the street from Winston County Nursing Home was a privately owned nursing home that was required to carry workmen’s compensation coverage in compliance with the Laws of the State of Mississippi; and
(b) That as a result of the Winston County Community Hospital and Nursing Home relying on their exemption under Mississippi Code Annotated, Section 71-3-5 (1972) of not being required to provide workmen’s compensation benefits, placed the defendant in a position of having a competitive advantage over the private nursing home across the street; and
(c) That the employees of the defendant did not have the advantage of having the benefits under the Mississippi Workmen’s Compensation Act, as amended, as did the employees directly across the street at the private nursing home; and
# # # # # H*
(d) That the nursing home is too far removed from governmental functions to rely on the principal [sic] of sovereign immunity; and
(e) That although the defendant’s premises were financed by county issued bonds, the defendant made payments from income received for services to retire said bonds; and
(f) That even though the defendant placed the profit in the funded depreciation account, the fact is that a profit was made; therefore, the defendant was not a charitable institution administered solely for charity, but rather acting more in a proprietary rather than governmental capacity.
In view of the above and in the benefit of public policy, the doctrine of sovereign .immunity is not applicable and the defendant’s reliance on same is without merit; therefore, the defendant is subject to the provisions of the Mississippi Workmen’s Compensation Act, as amended.
The appellant contends (1) that the appel-lee was not engaged in a governmental function and was in direct competition with private enterprise and (2) that sovereign immunity should not be applicable in this cause.
Assuming arguendo that appellee was not engaged in a governmental function and was operating in a proprietary manner, we are not persuaded by appellant’s argument and in his reliance on Pruett v. City of Rosedale, 421 So.2d 1046 (Miss.1982). In our opinion, Mississippi Code Annotated § 71-3-5 (Supp.1984), governs here.[1] The pertinent part follows:
The following shall constitute employers subject to the provisions of this chapter:
Every person, firm, and private corporation, including any public service corporation but excluding, however, all nonprofit charitable, fraternal, cultural, or religious corporations or associations, that has in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied. (Emphasis added)
The Workmen’s Compensation Commission succinctly stated the position of appel-lee in its decision as follows:
Since defendant is within the elective coverage provision of Section 71-3-5, it was not required to secure workmen’s compensation coverage without so electing regardless of whether or not it was performing a proprietory [sic] as opposed to a governmental function. The question of whether political subdivisions should be required to obtain coverage or granted the privilege of electing coverage is a decision for the legislature and not the Commission. The Commission cannot make law or change the law, it can only interpret the law which in this case clearly states that workmen’s compensation insurance coverage for political subdivisions is not mandated but rather *1161 may be obtained in the discretion of the political subdivision.
Accordingly, for the reasons previously set forth, the Full Commission reverses the ORDER OF ADMINISTRATIVE JUDGE dated July 2, 1982, as to the liability of defendant.
We are of the opinion that the lower court was eminently correct in affirming the order of the Mississippi Workmen’s Compensation Commission and, therefore, we affirm the judgment of the lower court.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. The statute provides that any government agency, the legislature or any individual may elect to come under the provisions of the statute.